UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  14-60811-CIV-GAYLES

**JIMY AGUIRRE,** and other similarly
situated individuals,

 Plaintiff(s),

vs.

**AVENTURA'S FINEST HAND CAR WASH
AT GULFSTREAM PARK, INC.;
AVENTURA FINEST CARWASH AND
SERVICE AT THE MALL, INC.;
AVENTURA FINEST CARWASH AND
SERVICE, INC.;** and
**GUILLEMO FREILE,** individually,

 Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF
CLASS REPRESENTATIVE AND TO PERMIT COURT SUPERVISED
NOTIFICATION PURSUANT TO 29 U.S.C. § 216(b)**

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Conditional Certification of Class Representative and to Permit Court Supervised Notification Pursuant to 29 U.S.C. § 216(b) (the "Motion") [D.E. 20].  The Court has considered the Motion, the response, pertinent portions of the record, and applicable law. For the reasons set forth below, the Motion is DENIED WITHOUT PREJUDICE.

   **I.** **Factual and Procedural Background**

Plaintiff Jimy Aguirre ("Plaintiff") brought this action against Aventura's Finest Hand Car Wash at Gulfstream Park, Inc.; Aventura Finest Carwash and Service at The Mall, Inc.; Aventura Finest Carwash and Service, Inc. (collectively, the "Car Wash Companies"); and

Guillermo Freile,[1] individually, (collectively, ("the Defendants") for failure to compensate him and similarly situated employees straight wage and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §201-219 ("FLSA"). [D.E. 1 at ¶¶ 1-2]. Plaintiff alleges that Defendants employed him as a car-washer/detailer from February 2012 to February 2014. [D.E. 1 at ¶ 13-14].

On June 12, 2014, Plaintiff filed the Motion seeking to certify a class consisting of "[a]ll employees who worked for Aventura's Finest Hand Car Wash at Gulfstream Park Inc.; Aventura's Finest Carwash and Service at the Mall, Inc.; Aventura Finest Carwash and Service, Inc.; and Guillermo Freile in Miami-Dade and Broward counties during the preceding three years." [D.E. 20 at Ex. A]. In support, Plaintiff relies on the Notice of Consent to Join filed on behalf of John Camacho. [D.E. 12]. Defendants oppose the Motion, asserting Plaintiff has not met his burden of proof in order for the Court to certify the class.

## II. Discussion

**A. Legal Standard for Conditional Class Certification.**

The FLSA permits a plaintiff to bring a collective action on behalf of himself and other similarly situated employees. *See* 29 U.S.C. § 216(b). The purposes of § 216(b) collective actions are "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264-65 (11th Cir. 2008) (citing *Hoffman-La Rouche, Inc. v. Sperling*, 492 U.S. 165, 170 (1989)). A class action brought under the FLSA, unlike a class action pursuant under Rule 23 of the Federal Rules of Civil Procedure, includes only those plaintiffs who affirmatively opt-in to the action by filing their consent in writing to the

---

[1] Plaintiff alleges that Freile owned and operated the Car Wash Companies during the relevant time period and is jointly and severally liable for Plaintiff's damages. [D.E. 1 at ¶¶ 3-8].

court in which the action is brought. *See* 29 U.S.C. § 216(b); *see also De Leon-Granados v. Eller & Sons Trees, Inc.*, 497 F.3d 1214 (11th Cir. 2007). The decision to certify the action does not create a class of plaintiffs. Rather, the existence of a collective action under § 216(b) depends on the active participation of other plaintiffs. *See Albritton v. Cagle's*, 508 F.3d 1012, 1017 (11th Cir. 2007). The benefits of a collective action "depend on employees receiving accurate and timely notice… so that they can make informed decisions about whether to participate." *Id.* (citing *Sperling*, 493 U.S. at 170). It is solely within the Court's discretion to grant conditional certification. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

The Eleventh Circuit has sanctioned a two-stage approach to manage § 216(b) actions. *Morgan*, 551 F.3d at 1260. The first stage is commonly called the "notice stage" or "conditional certification." *Hipp*, 252 F.3d at 1214. If the Court approves conditional certification, putative class members receive notice of the action and the opportunity to opt-in. *Id.* Regarding this first stage the Eleventh Circuit stated,

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members. Because the court has minimal evidence, *this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.*

*Id.* (emphasis added). The second stage occurs if the Defendant moves to decertify the class, typically near the end or close of discovery. *Morgan*, 551 F.3d at 1261. At this stage of the litigation, the Court can make a more informed decision. *Id.* As a result, this stage is "less lenient, and the Plaintiff bears a heavier burden." *Id.* (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2008).

To grant conditional certification, the Court must find that there are other employees who (1) desire to opt-in to the action, and who (2) are "similarly situated" with regard to their job requirements and pay provisions. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *see also Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1282-83 (S.D. Fla. 2012). A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees who wish to opt-in. *Morgan*, 551 F.3d at 1260. "If the plaintiff does not satisfy his burden, the Court should decline certification of a collective action to 'avoid the 'stirring up' of litigation through unwarranted solicitation." *Bedoya v. Aventura Limousine & Transportation Service, Inc.*, No. 11-CIV-24432, at *5 (S.D. Fla. Apr. 10, 2012) (citing *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002)).

### B. Opt-In Employees.

Plaintiff's burden to show that there are other "potential opt-ins is not onerous." *Rojas v. Garda CL Southeast, Inc.*, No. 13-CV-23173, 2013 WL 6834657, at *9 (S.D. Fla. Dec. 23, 2013). "[T]he existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'" *Bennett*, 880 F. Supp. at 1283 (quoting *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *4 (S.D. Fla May 17, 2006)) (holding evidence that at least one other employee desires to opt-in is the "minimum quantum of evidence" necessary to raise plaintiff's claim beyond one of pure speculation). Courts have conditionally certified classes with as few as two affidavits from potential plaintiffs. *See Wynder v. Applied Card Sys., Inc.*, No 09-80004, 2009 WL 3255585, at *3 (S.D. Fla. Oct. 7, 2009). However, there must be more than "counsel's unsupported assertions that FLSA violations [are] widespread and that the additional plaintiffs would come" forward. *Morgan*, 551 F.3d at 1260-61 (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)).

In support of certification, Plaintiff filed John Camacho's ("Camacho") Consent to Join. [D.E. 12]. Although there is only one employee who consents to join, the Court finds, in light of *Bennett*, that Plaintiff has raised the contention beyond "one of pure speculation," and met his burden on this issue. 880 F. Supp. 2d at 1283.

### C. Other Similarly Situated Employees.

The FLSA does not define "similarly situated" nor has the Eleventh Circuit adopted a precise definition. *Morgan*, 551 F.3d at 1259. Case law suggests that district courts may look to whether employees are "similarly situated" with respect to their job requirements and pay provisions." *Daybach*, 942 F.2d at 1567-68. The Eleventh Circuit has emphasized, however, that courts must analyze whether employees are *similarly* situated and "not whether their positions are identical." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Courts frequently look to the following five factors to conduct this analysis:

> (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; [and] (5) the extent to which the actions which constitute the violations claimed by the plaintiffs are similar.

*Smith v. Tradesmen Intern, Inc.*, 289 F. Supp. 2d 1269, 1372 (S.D. Fla. 2003) (citing *Stone v. First Union Corp.*, 203 F.R.D. 532 (S.D. Fla. 2001)). While these factors are not necessarily determinative of status as similarly situated employees, and no one factor is dispositive, *Reyes v. Carnival Corp.*, No. 04-21861, 2005 WL 4891058, at *7 (S.D. Fla. 2005), they are "insightful and helpful," *Meggs v. Condotte Am. Inc.*, 2012 WL 3562031, at *3 n.5.

Courts routinely conditionally certify a class where the plaintiff has filed affidavits, and/or notices of consent to join that demonstrate how the named plaintiff and the putative class

members are similarly situated. *See Joseph v. Family Preservation Servs. of Florida, Inc.*, No. 10–81206–CIV., 2011 WL 1790167 (S.D. Fla. 2011) (holding that the plaintiffs and the putative class members were similarly situated where all seven affidavits filed alleged that the employees had the same responsibilities and duties as the plaintiffs, they were all paid a salary, and routinely worked over 40 hours a week).

In the present case, the only evidence that there might be similarly situated employees is Camacho's Notice of Consent. [D.E. 12]. This notice, however, is devoid of any factual allegations that would assist the Court in determining whether Camacho is similarly situated to the Plaintiff. Plaintiff has not filed any affidavits indicating that he and Camacho held the same or similar positions, whether they were both subject to the same employment policies, or how the FLSA violations are similar.[2] While Plaintiff alleges in the Complaint that Freile owned and controlled all of the Car Wash Companies and that Plaintiff observed others working over 40 hours per week without overtime compensation [D.E. 1 at ¶ 14, 22], there must be more than "only counsel's unsupported assertions that FLSA violations [were] widespread and that additional plaintiffs would come" forward. *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983). As a result, the Court finds Plaintiff has not satisfied his burden that there are similarly situated employees who would opt-in.

---

[2] Interestingly, Defendants have filed deposition excerpts which actually provide some of the needed evidence, but not enough to find the potential opt-ins are similarly situated. [D.E. 22-1 "Exhibit A" and "Exhibit B"].

### III.   Conclusion

For the reasons set forth above, the Court denies the Motion without prejudice. Should Plaintiff wish to file an amended Motion with additional supporting information, he may do so by August 1, 2014. The deadline, therefore, to join parties is extended to August 1, 2014.

Having denied the Motion, the Court does not address the sufficiency of the proposed notice attached to the Motion as "Exhibit A." The Court does note that it was unopposed by the Defendants.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July, 2014.

_____
DARRIN P. GAYLES

cc:   Magistrate Judge Turnoff
      All Counsel of Record

---

[3] Should Plaintiff re-file a proposed notice, it should contain an area where the opt-ins must write in their position at the company, the location where they worked, and their start and end dates, in compliance with *Rojas*, 2013 WL 6834657, at *18, and *Bell v. Mynt Entertainment LLC*, 223 F.R.D. 680 (S.D. Fla. 2004). This ensures that only those who "truly meet the class definition join the action." *Rojas*, 2013 WL 6834657, at *18.